### IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| ALLEGHENY CASUALTY COMPANY, ) | |
| ) | |
|     *Plaintiff,* ) | |
| ) | No.   1:19-cv-01603 |
| v. ) | |
| ) | Judge Ronald A. Guzman |
| OPCON, INC., CLAYTON GRAHAM, and, ) | |
| CHERYL GRAHAM ) | |
| ) | |
|     *Defendant.* ) | |
| Judgment Debtor ) | |
| ) | |
| And ) | |
| ) | |
| Re/Max ) | |
|     *Citation respondent* | |

### MOTION FOR ORDER TO SHOW CAUSE WHY RE/MAX SUBURBAN SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO WITHHOLD ASSETS BELONGING TO CHERYL GRAHAM IN VIOLATION OF THE CITATION TO DISCOVER ASSETS AND FOR JUDGMENT

Now comes Allegheny Casualty Company, Plaintiff and Judgment Creditor by its attorney, William S. Piper, and moves this court for entry of any order upon RE/MAX to show cause why it should not be held in contempt for failure to withhold assets belonging to Cheryl Graham pursuant to the Citation to Discover Assets served upon it and for Judgment against RE/Max in the amount of $$34,416.32 pursuant to 735 ILCS 5/2-1402 (f)(1). In support here of, Plaintiff states as follows:

1. A Citation to Discover Assets was issued by the Clerk on October 21, 2020 and served upon RE/MAX at its suburban office in Glen Ellyn, Illinois. Citation attached as Exhibit A. Proof of Service attached as Exbibit B. The Citation prohibited the transfer of any assets belonging to Cheryl Graham in accordance with 735 ILCS 5/2-1402(f)(1).

1

2. Following service of the Citation, Chad Gilbert, of RE/MAX called Plaintiff's counsel in November, 2020 to advise he needed time and would provide the documentation requested in the Citation.

3. A confirming email was sent to Chad Gilbert at the email address provided by Mr. Gilbert on November 19, 2020, receipt of which was acknowledged. Ex. C.

4. Following the Court hearing on December 16, 2020, Plaintiff's counsel again emailed to Chad Gilbert advising the court allowed 60 days to complete the Citation examination. In the email communication to Mr. Gilbert, he was again provided a copy of the Citation and advised that "there are to be no transfers to Cheryl Graham while this citation is pending." Receipt of the email was acknowledged by Mr. Gilbert. Ex. D.

5. On February 22, 2021, Plaintiff's counsel received an email from Heather Mills at the RE/MAX Suburban Corporate Office forwarding a response with documentation to the Citation to Discover Assets. See Exhibit E.

6. The documentation submitted by RE/MAX reflects that:

   a. Cheryl Graham is a real estate broker acting as an independent contractor for RE/MAX;

   b. After the receipt of the Citation and the communication with Plaintiff's counsel on November 16, 2020, RE/Max made the following net commission payments to Cheryl Graham in violation of the express terms of the Citation and 735 ILCS 5/2-1402 (f)(1):

   | Check # | Date | Amount paid to Cheryl Graham |
   |---|---|---|
   | 229211 | 11/24/2020 | $8,730.97 |
   | 229705 | 12/17/2020 | $5,116.87 |
   | 229781 | 12/22/2020 | $5,539.92 |
   | 230117 | 1/6/2021 | $4,460.04 |
   | 230523 | 2/1/2021 | $10,568.52 |

      Total                                      $34,416.32

7. The Court is authorized to enter judgment against RE/MAX in the amount of the payments made to Cheryl Graham in violation of the Citation. 735 ILCS 5/2-1402 (f)(1) provides as follows:

> (f)(1) The citation may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom, a deduction order or garnishment, belonging to the judgment debtor or to which he or she may be entitled or which may thereafter be acquired by or become due to him or her, and from paying over or otherwise disposing of any moneys not so exempt which are due or to become due to the judgment debtor, until the further order of the court or the termination of the proceeding, whichever occurs first. The third party may not be obliged to withhold the payment of any moneys beyond double the amount of the balance due sought to be enforced by the judgment creditor. <u>The court may punish any party who violates the restraining provision of a citation as and for a contempt, or if the party is a third party may enter judgment against him or her in the amount of the unpaid portion of the judgment and costs allowable under this Section, or in the amount of the value of the property transferred, whichever is lesser.</u>

(underlined added)

See also *Shales v. T. Manning Concrete, Inc.* 847 F. Supp 2d 1102, 1116 (N.D. Il., 2012)

      Wherefore, Plaintiff requests that the court enter 1) an Order or Rule upon RE/MAX to show cause why it should not be held in contempt for the transfer of $34,416.32 in violation of the Citation and 2) that a judgment be entered against RE/MAX in the amount $34,416.32 and such further relief as the court deems just and proper.

                                      **ALLEGHENY CASUALTY COMPANY**

                                      /s/ William S. Piper
                                      One of its attorneys

William S. Piper
Law office of T. Scott Leo, P.C.
Attorney for Allegheny Casualty Company.
100 N. LaSalle St. Suite 514

Chicago, Il 60602
Telephone: 312-857-0910
wpiper@leolawpc.com